## EDWARD W. CHAUNCEY, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

### No. 6743

October 4, 1972                              501 P.2d 1039

*Gary Sheerin,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Edward W. Chauncey was, on his plea of guilty, convicted of the crime of robbery on October 28, 1958, and he was thereafter sentenced to the Nevada State Penitentiary.

On March 29, 1971, Chauncey filed in the district court a "Motion to Vacate and Set Aside Judgment and Conviction," which the district judge construed to be a petition for post-conviction relief. Chauncey has heretofore been charged as a habitual criminal. The conviction of robbery that he is presently challenging is one of the prior felony convictions upon which the charge as a habitual criminal was predicated.

In his instant petition, filed some 12½ years after entering his plea of guilty and some 8 years after serving his sentence,

Chauncey claims that he did not make an intelligent waiver of his right to counsel when he pleaded guilty to the robbery charge in 1958. See Von Moltke v. Gillies, 332 U.S. 708 (1948), which then governed the standards for the taking of pleas in such cases. He therefore asks that his 1958 robbery conviction be set aside.

Unfortunately, the court reporter's notes of the 1958 Chauncey arraignment and entry of plea have been destroyed due to the time lapse involved. The only available court records before us are the minutes of the Court Clerk.[1]

The district judge denied Chauncey's petition on the grounds that (1) the plea of guilty was voluntarily made in accordance with the law as it existed when Chauncey pleaded guilty to the robbery charge and (2) Chauncey has served the sentence imposed by the court.

1. Counsel for the State and Chauncey have agreed during oral argument that an evidentiary hearing should be held in the district court and that therefore the csae must be remanded for that purpose. We wish to point out that the fact Chauncey has served his term in prison has not *per se* made the issue moot. It is settled that a conviction in which the sentence has been served may be later challenged when the effects of that conviction remain. As the High Court ruled in United States v. Morgan, 346 U.S. 502, 512–513 (1954):

"Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected. As the power to remedy an invalid sentence exists, we think, respondent is entitled to an opportunity to attempt to show that this conviction was invalid." (Footnote omitted.) See also Sibron v. New York, 392 U.S. 40 (1968).

2. Counsel for the State stipulated during oral argument that the case be remanded for an evidentiary hearing to determine, if possible, whether the standards of Von Moltke were

---

[1]The minutes in pertinent part read:

"The Court inquired of the defendant[s] if they had counsel to represent them and informed them that if they had no money with which to obtain counsel, the Court would appoint counsel for them at the expense of the State of Nevada. Thereupon, the said defendants and each of them informed the Court that they did not desire the services of an attorney.

"The Court then directed the clerk to hand the defendants a copy of the Information and to read same to them.

"Defendant, Edward Wilford Chauncey[,] entered a plea of 'Guilty' to the charge contained in the Information. . . . Defendants waived the statutory time for passing of judgment and sentence."

met when Chauncey entered his plea. Accordingly, that will be the order of this court, and the case is remanded to the district court for that limited purpose.